**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

JOAQUIN RAMIREZ,

    Petitioner,

        v.                        CIVIL NO. 05-1562 (PG)

FEDERAL BUREAU OF PRISONS, ET AL.,

    Respondents.

**O R D E R**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 filed by Joaquin Ramirez on May 27, 2005. (Docket No. 1) Petitioner claims that the Bureau of Prisons (BOP) has infringed on his statutory right to serve the final portion of his sentence in a Community Corrections Center (CCC), as guaranteed by 18 U.S.C. § 3624(c).

Petitioner was sentenced to a prison term of thirty-seven months followed by three years of supervised release. Now nearing the completion of his sentence, petitioner has been allotted 44 days in the CCC by the Bureau of Prisons, the transfer to take place on August 31, 2005. He has repeatedly appealed this decision within the Bureau of Prisons, claiming that the assignment does not comport with the statutory period of prerelease custody of 10% of his prison term contemplated in 18 U.S.C. § 3624(c), calculated in his case at 90-180 days.

The Court recognizes that petitioner has exhausted his administrative appeals. When he learned of the August 31 transfer date, he filed an "Inmate Request to Staff" and an "Informal Resolution Form" requesting reconsideration. The same were denied for the stated reason that the CCC Manager had approved the placement in accordance with his individual needs. Petitioner next invoked the Bureau of Prisons' formal administrative remedy procedure, again requesting reconsideration, which was also denied, on the grounds that the range of CCC stay allocated matches population needs with

Civil No. 05-1562(PG)                                                   Page 2

budgetary and bedspace resources. Petitioner followed with a Regional Administrative Remedy Appeal, also denied. He then proceeded to file a Central Office Administrative Remedy Appeal, which was not answered within the regulations period, nor by the time he filed for habeas relief on May 27, 2005.

According to petitioner, he has received nothing but cop-outs and boiler-plate responses, and he therefore requests that this Court issue an injunction ordering the Bureau of Prisons to transfer him to CCC by July 9, 2005, as provided in 18 U.S.C. § 3624(c).

That statute provides in relevant part as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c).

In construing Section 3624(c), the First Circuit has determined that it directs the Bureau of Prisons, where it is practicable, to ensure that a prisoner spends the last part of his sentence under pre-release conditions. Goldings v. Winn, 383 F.3d 17, 23 (1st Cir. 2004). "The BOP is not free to disregard that duty. If it did so, judicial relief might be available." Id. (suggesting that although prisoner did not have an enforceable right under § 3624(c) to placement in a CCC, he might have had a valid cause of action based on the claim that his placement "constitute[d] a violation of a broader obligation to provide at least some pre-release treatment conducive to successful re-entry into the community, whatever the facility of incarceration.")(citation omitted). Section 3624(c) "[t]hus reflects Congress's intent to impose upon the agency a duty

Civil No. 05-1562(PG)                                                   Page 3

to prepare prisoners for reentry into the community, without tying the hands of administrators in deciding where prisoners are to be placed." Id. The First Circuit accordingly held that "while § 3624(c) clearly limits the BOP's discretion *not* to consider community confinement or other pre-release alternatives at the end of a prisoner's term, it does not prohibit the BOP from doing so earlier pursuant to a different grant of discretionary authority. Id.

Here, the BOP clearly considered the CCC alternative and allowed petitioner a 44-day program. The First Circuit concluded that § 3624(c)'s mandate "to facilitate the prisoner's post-release adjustment through the establishment of some unspecified pre-release conditions ... accepts as a premise that the broader statutory scheme concerning the Bureau's general placement authority remains intact and effective." See id. (quoting Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 469-70 (10th Cir. 1992).

This Court thus concludes that pre-release custody placement such as the one sought by petitioner is a matter committed to the authority of the Bureau of Prisons. See id.; see also Perez-Olivo v. BOP, No. 05-1023 (JAF), slip op. at 2 (D.P.R. March 9, 2005)(finding that petitioner's "anticipated release date is not in issue and, therefore, the eighty-day placement approved by the Bureau of Prisons is within the parameters of the statute.")(per Fuste, C.J.). Accordingly, and for the reasons stated, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 (Docket No. 1), is **DENIED,** and judgment shall be entered dismissing this Petition with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 23, 2005.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        UNITED STATES DISTRICT JUDGE